43497. JACKSON, by Next Friend v. BOWEN.

ARGUED MARCH 4, 1968—DECIDED MAY 9, 1968.

*Findley, Solms, Gannam, Head & Buchsbaum, James W. Head,* for appellant.

*Joseph B. Bergen,* for appellee.

FELTON, Chief Judge. There is no appeal from the judgment striking Count 3 of the petition. Regardless of the status of the pleadings in Counts 1 and 2 (which is virtually impossible to ascertain from the record under the circumstances), at the time the petition was dismissed on the ground of not having been redrafted as required by the court's order it contained a fourth count, which had already been added by a timely amendment prior to the court's order to redraft, and the demurrers to which had not been ruled on by the trial court. The judgment of the court dismissing the petition was error because it fails to rule on the issues raised by the demurrers to Count 4.

No ruling is made at this time as to the dismissal for failure to redraft as to counts other than Count 4. The failure to redraft as to counts other than Count 4 would not subject the whole petition to demurrer on the ground that the redrafting of the whole was improper.

*Judgment reversed. Eberhardt, J., concurs. Whitman, J., concurs specially.*

WHITMAN, Judge, concurring specially. I concur in the judgment of reversal and also specially on the grounds that the entire petition, including Count 4, was not subject to dismissal. It appears that Count 4 was included in the second amendment to plaintiff's petition of date November 7, 1966, and general and special demurrers were urged to Count 4 in a demurrer filed November 18, 1966. By order of June 13, 1967, without passing on the demurrers to Count 4, plaintiff was required to redraft her petition in its entirety. In the redrafted petition filed June 16, 1967, Count 4 was included. Renewed demurrers and motion to dismiss, filed June 23, 1967, included renewed and additional demurrers to Count 4, but these demurrers were not passed on and are still pending undisposed of. The order dismissing the

entire petition has relation only to the requirement of the order of date June 13, 1967, which was predicated upon plaintiff's failure to amend Count 3 of her petition, with the right of the defendant to renew his demurrers to the redrafted petition. The headnote to the opinion correctly states the ruling of the court.